Filed 12/24/25  P. v. Mackin CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JEFFREY HAROLD MACKIN,<br><br>        Defendant and Appellant. | C102360<br><br>(Super. Ct. No. SCCR-CRF-2019-2240) |

Defendant Jeffrey Harold Mackin appeals a judgment entered after a jury found him guilty of four counts, including grand theft, for his unlawful killing of a mountain lion that had been part of a study conducted by the University of California, Santa Cruz (UCSC).  His sole contention on appeal is that his conviction for grand theft must be reversed because there was no substantial evidence that UCSC owned the mountain lion. The People concur and we agree with the parties.  Accordingly, we will reverse defendant's conviction for grand theft and otherwise affirm the judgment.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

As part of a program studying mountain lions and deer, UCSC obtained permission from the Department of Fish and Wildlife to temporarily capture mountain lions, which were then outfitted with tracking collars and released back into the wild for study. In December 2018, a researcher with UCSC received a notification that one of the mountain lions involved in the study, known as "4M," might be dead. Researchers confirmed 4M's death and contacted authorities given the suspicion that 4M was illegally poached. Game wardens investigated and determined that 4M was treed by dogs and shot in the head. Evidence linked defendant to the killing, including DNA samples from urine left at the kill site that were linked to defendant's dogs.

In September 2021, a previously filed complaint was deemed the information and charged defendant with felony vandalism (Pen. Code § 594, subd. (a); count 1); grand theft (*id*., § 487, subd. (a); count 2); cruelty to an animal (*id*., § 597, subd. (a); count 3); and unlawful taking of a mountain lion (Fish & G. Code, § 4800, subd. (b)(1); count 4). In June 2024, a jury found defendant guilty on all counts. In September 2024, the trial court sentenced defendant to two years' formal probation. Defendant timely appealed, and appellate briefing in this matter concluded November 5, 2025.

**DISCUSSION**

The parties agree that defendant's conviction for grand theft must be reversed for want of substantial evidence showing UCSC owned the mountain lion. For the reasons we shall explain, we agree with the parties.

A jury found defendant guilty of grand theft for killing a mountain lion alleged to be the property of UCSC worth more than $950, as charged in count 2 of the information. An essential element for this crime was that UCSC had a proprietary or possessory interest in the mountain lion. (*People v. Brady* (1991) 234 Cal.App.3d 954, 957.) The well-settled rule in California is that no one holds a "personal property right in wild animals or fish unless captured, tamed or otherwise reduced to possession. (Civ. Code,

2

§ 656; [citations].)" (*Ibid*.) Civil Code section 656 provides: "Animals wild by nature are the subjects of ownership, while living, only when on the land of the person claiming them, or when tamed, or taken and held in possession, or disabled and immediately pursued." Thus, although wild animals are collectively owned by the people of California generally, the state does not have a possessory interest in wild animals for purposes of the theft statutes. (See, e.g., *Brady*, pp. 957-959 [the wild "abalone caught in the state's coastal waters belong to the People of the State of California in their collective, sovereign capacity" but this interest does not include an "individual property right" for purposes of Pen. Code, §§ 484, 487].)

Fish and Game Code section 4800 protects Californian mountain lions from being taken or possessed except under specified circumstances. (Fish & G. Code, § 4800, subds. (a), (b)(1).) As relevant here, Fish and Game Code section 4810 authorizes the temporary capture and possession of mountain lions for the purpose of outfitting the animals with a tracking device. (Fish & G. Code, § 4810, subds. (b)-(c), (e).) UCSC captured and outfitted 4M with a tracking device pursuant to this authority. We agree with the parties that UCSC's temporary capture and release of 4M into the wild with a tracking collar did not vest UCSC with an interest in the mountain lion protectable by the theft statutes of this state. (C.f. *Moerman v. State of California* (1993) 17 Cal.App.4th 452, 457-458 [state did not own for purposes of inverse condemnation tule elk captured, tagged, relocated, and monitored as part of state program].) Accordingly, defendant's conviction for grand theft must be reversed. (*People v. Brady*, *supra*, 234 Cal.App.3d at p. 962.)

## DISPOSITION

Defendant's conviction for grand theft (count 2) is reversed for insufficient evidence.  The judgment is otherwise affirmed.  The trial court is directed to prepare an amended probation order omitting reference to defendant's conviction under Penal Code section 487, subdivision (a).


                                                     /s/
                                     Duarte, Acting P. J.

We concur:


      /s/
Mesiwala, J.


      /s/
Wiseman, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4